# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| CRISSY SIMPSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NIAGRA MACHINE AND TOOL ) <br> WORKS, et al., ) <br> ) <br> Defendants. ) | Case No. 05-1122-CV-W-FJG |

## ORDER

Pending before the Court are (1) plaintiff's motion to remand (Doc. No. 5); and (2) defendant Bliss Clearing Niagara, Inc.'s memorandum in opposition and motion to amend notice of removal (Doc. No. 9). Both will be examined below.

**I. Background.**

The present suit was removed to this Court from the Circuit Court of Johnson County, Missouri, by defendant Bliss Clearing Niagara, Inc., on November 9, 2005. This suit concerns alleged damages sustained by plaintiff at her workplace as a result of her use of a "press brake and/or power press machine" on or about June 3, 2005. Specifically, plaintiff claims that the press machine caused a partial amputation injury to plaintiff's right hand. Plaintiff alleges that defendant Niagara Machine and Tool Works ("Niagara"), an inactive corporation, manufactured and sold the allegedly defective power press machine. Defendant Bliss Clearing Niagara ("BCN") is alleged to be the successor corporation of Niagara. Against these two defendants, plaintiff makes a claim for strict product liability, alleging that the press was designed and/or manufactured with inadequate guards and the

ability to be operated either by foot pedal or by two hand buttons. See Petition, Count I.

Plaintiff also brings a claim against defendant Tom Thomure, her co-worker/supervisor, for negligence. Specifically, plaintiff alleges that defendant Thomure "performed acts and conducted himself in such a manner that has fault because there was 'something extra' as that phrase is defined in law," in that (1) "he instructed the Plaintiff to operate a machine which he knew did not have the appropriate safety mechanisms employed"; (2) "he was in control of a key which was utilized to turn the machine from a foot activation mode to a two-hand palm button activation mode and he put the machine on a foot feed operation mode which was in violation of safe practices"; (3) "he was supposed to instruct the Plaintiff in the safe operation of the machine and he was supposed to put the machine in an operational mode which would only allow the machine to operate by activating two buttons. The supervisor failed to give the instructions to the Plaintiff and falsified a safety log indicating the such instructions had been given"; (4) "he instructed the Plaintiff to work on a machine which he knew was not supposed to be operated by foot activation method at a time when he had turned a key to put the machine in a foot activation mode"; and (5) "he set up the machine and rigged the machine in such a fashion that it could only be operated by a foot feed which was a dangerous method of operation and thereafter instructed the Plaintiff to operate the machine in that mode and also falsified a safety report indicating that he instructed the Plaintiff concerning the safe operation of the machine when in fact he had not done so." See Petition Count II.

Plaintiff and defendant Thomure are both residents of the state of Missouri. Defendants BCN and Niagara are residents of states other than Missouri. Defendant Bliss Clearing Niagara, Inc. filed its removal petition based on the theory of fraudulent joinder,

stating that plaintiff has failed to state a claim upon which relief can be granted against defendant Thomure; and, as the remaining defendants are from states other than Missouri, this Court has diversity jurisdiction.

**II. Discussion.**

    **A. Motion to Remand (Doc. No. 5)**

As to the issue of fraudulent joinder, the Court notes that "[j]oinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against resident defendants." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 871 (8th Cir. 2002) (citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983)). "'Joinder is fraudulent only where there is no reasonable basis in fact or colorable ground supporting the claim against the resident defendant, or where the plaintiff has no real intention of prosecuting the action against the resident defendant.'" Richka Enters., Inc. v. Am. Family Mutual Ins. Co., 200 F. Supp. 2d 1049, 1051 (E.D. Mo. 2001) (quoting Reeb v. Wal-Mart Stores, Inc., 902 F. Supp. 185, 188 (E.D. Mo. 1995)). Further, "a plaintiff may not defeat a defendant's right of removal based upon diversity of citizenship jurisdiction by fraudulently joining a non-diverse defendant." BP Chems. Ltd. v. Jiangsu Sopo Corp., 285 F.3d 677, (8th Cir. 2002) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97-99 (1921)).

Under Missouri law, supervisors and co-workers are generally immune from civil liability to their fellow employees. See Lyon v. McLaughlin, 960 S.W.2d 522, 525-26 (Mo. App. 1998). The Missouri Workers' Compensation Act provides that a co-worker's failure to perform a duty delegated to him by his employer is subsumed by the employer's duty to provide a safe working environment. See id. A co-employee, however, "loses this

3

immunity if he affirmatively causes or increases his fellow employee's risk of injury." Id. at 526. In other words, the plaintiff must allege that the co-worker has done "something more" or "something extra" beyond a violation of the employer's duty to provide a safe work environment to avoid the exclusivity provisions of Missouri's Workers' Compensation Act. Id. To maintain an action against a co-employee, plaintiff "must demonstrate circumstances showing a personal duty of care owed by the defendant to the injured worker, separate and apart from the employer's non-delegable duties, and that breach of this personal duty proximately caused the worker's injuries." Groh v. Kohler, 148 S.W.3d 11, 14 (Mo. App. 2004)(citing Gunnett v. Girardier Building and Realty Co., 70 S.W.3d 632, 641 (Mo. App. E.D. 2002).

Defendant BCN states in its notice of removal (Doc. No. 1) that the allegations made against defendant Thomure amount to no more than a claim that plaintiff was not properly trained or provided a reasonably safe workplace. Defendant BCN states that "[t]here is nothing to suggest that the defendant committed any affirmative act that would create a personal duty of care that is separate and apart from the employer's duty to provide a safe workplace. As such, Plaintiff cannot maintain a valid claim against Defendant Thomure, and plaintiff's claims against him are 'fraudulently joined.'"

Plaintiff's motion to remand argues that plaintiff has adequately pled a cause of action against defendant Thomure.[1] Plaintiff states that (1) defendant Thomure had

---

[1]Plaintiff also argues in her motion to remand that defendant Thomure did not join in defendant BCN's petition for removal, and therefore the petition is procedurally deficient and the case should be remanded on that basis alone. However, as correctly noted by defendant BCN both in its petition for removal (Doc. No. 1) and its response in opposition to plaintiff's motion to remand (Doc. No. 9), the consent to removal of a party who has been fraudulently joined is not necessary. See Roberts v. Palmer, 354 F.

4

supervisory responsibilities over plaintiff; (2) defendant Thomure knew that the machine the plaintiff was operating should not have been operated with a foot pedal; (3) defendant Thomure affirmatively set up the machine so it could be activated with foot pedals which is contrary to the way it was supposed to be operated, and then plaintiff was affirmatively told to operate and perform on the machine while it was in this inherently dangerous condition; and (4) defendant Thomure set up and rigged the machine in a fashion that would be dangerous and then subsequent to plaintiff's injury falsified reports that he had instructed her in the safe operation of the machine, which he had failed to do. See Doc. No. 5. Plaintiff cites Groh v. Kohler, 148 S.W.3d 11 (Mo. App. 2004), Tauchert v. Boatmen's National Bank, 849 S.W.2d 573 (Mo. banc 1993), and Workman v. Vader, 854 S.W.2d 560, 561 (Mo. App. 1993) as examples of cases where Missouri courts have allowed workers' claims against their co-workers to proceed.

Defendant BCN responds, and further requests (to the extent necessary) that the Court grant BCN leave to amend by interlineation its original notice of removal to include factual matters set forth in the affidavit of defendant Tim Thomure. Defendant notes that it believes that its prior notice of removal was sufficient; however, it states that it "submits the additional factual information, by way of affidavit, to clarify its jurisdictional allegations and to eliminate any uncertainty as to whether plaintiff can maintain a colorable claim against defendant Thomure in this matter." See Doc. No. 9.[2] Plaintiff responds to the

---

Supp. 2d 1041, 1046 (E.D. Mo. 2005). Therefore, the only question in need of resolution is whether defendant Thomure has been fraudulently joined in this lawsuit.

[2] In defendant Thomure's affidavit, defendant Thomure asserts that he did not affirmatively set up the press at issue; instead, he asserts that other employees at the facility were charged with press set up, including configuration of the operational

5

motion for leave to amend the notice of removal that (1) the affidavit of defendant Thomure should not be considered because "Fraudulent joinder exists if, on the face of plaintiff's State Court pleading, no cause of action lies against the resident defendant," see Anderson v. Home Insurance Company, 724 F.2d 82, 84 (8th Cir. 1983); and (2) if the affidavit of defendant Thomure is considered, plaintiff should be allowed additional time to respond to defendant's memorandum so that she can obtain affidavits and depose defendant Thomure and witnesses to support her allegations with sworn testimony. The Court believes that the factual allegations contained in defendant Thomure's affidavit are unnecessary in order to support the notice of removal, and will consider only the allegations pled on the face of plaintiff's petition. Therefore, defendant's motion for leave to amend (Doc. No. 9) is **DENIED.**

Defendant states that even if plaintiff's allegations were true, the allegations made in her petition "constitute nothing more than a purported breach of the general duty of an employer to provide a safe working environment and safe appliances and/or equipment. As a result, there is no reasonable basis to conclude that Missouri law would permit a claim against defendant Thomure, who has been 'fraudulently joined' in this action, and this Court should deny plaintiff's motion to remand." See Doc. No. 9, pp. 5-6. Defendant BCN notes that two of the cases cited by plaintiff in support of her motion to remand, Groh and Tauchert, involved either (1) malfunctioning equipment that the plaintiff was told to continue

---

mode. Defendant Thomure also asserts that the press was not "rigged" to allow a foot pedal mode; instead, the press at issue was already equipped to operate in foot pedal mode. Defendant Thomure also asserts that he did not alter or "rig" the press configuration.

6

using even after informing the defendant supervisor of the malfunction (Groh, 148 S.W.2d at 11), or (2) a faulty hoist system affirmatively altered and "rigged" in a dangerous manner by the co-employee (Tauchert, 849 S.W.2d at 574). Furthermore in the third case cited by plaintiff, Workman, the defendant co-employee was alleged to have personally thrown packing debris on the floor and thereafter failed to warn other employees of its presence. See 854 S.W.2d at 564. The Missouri Court of Appeals found that those acts did not involve the general non-delegable duty of the employer to provide a reasonably safe place to work. See id.

Defendant BCN argues that the present matter does not involve an act of altering a machine in a manner not in conformity with design specifications; instead, plaintiff alleges that the machine was used in conformity with one of the settings that was an alternative mode of operation for the press at issue. Defendant states that the present matter is more similar to two other Missouri cases: Kelley v. DeKalb Energy Co., 865 S.W.2d 670 (Mo. 1993) and Felling v. Ritter, 876 S.W.2d 2 (Mo. App. 1994). Kelley involved a machine that was used in accordance to design specifications, but that its normal use posed risks of fire or explosion. The Missouri Supreme Court found that the plaintiff in Kelley made "no showing that the [machine] was 'make-shift' or 'jerry-rigged,'" thereby finding that the co-employee's actions pertaining to the equipment were covered by the employer's general duty to provide a safe working environment. See Kelley, 865 S.W.2d at 672. Further, in Relling, even though the plaintiffs pleaded that the decedent's co-workers were grossly negligent in "misinstalling" and "misdesigning" a machine and allowing it to be operated in a dangerous condition, the Missouri Court of Appeals found that

> Although creatively pled in terms of 'misresponses,' 'misinstallation,' and

7

> 'misdesigns', Plaintiff's petition alleges nothing more than a breach of the employer's general duty to provide a reasonably safe place to work . . . . Under the facts pled, aside from the conclusions stated, the accident was caused by the failure of the employer through its employees to place any shield or guard on the revolving wooden reel. This failure is an alleged breach of the employer's non-delegable duty to provide a reasonably safe work place and, as such, falls within the Worker's Compensation immunity.

876 S.W.2d at 4. Defendant BCN claims that plaintiff's inclusion of defendant Thomure is a "transparent attempt to avoid removal to this Court."

Plaintiff replies that the Missouri Supreme Court has held that the term "something more" ". . . has not proven susceptible for reliable definition," see State ex rel. Taylor v. Wallace, 73 S.W.3d 620, 622 (Mo. banc 2002), and therefore the state courts should be charged with making this decision. In particular, plaintiff argues that this Court "has no responsibility to definitively settle [an] ambiguous question of State law." See Filla v. Norfolk Southern Railway Company, 336 F.3d 806, 811 (8th Cir. 2003) (emphasis in original). Instead, the Court "must simply determine whether there is a reasonable basis for predicting that the State's law might impose liability against the defendant." Id.

This Court does not believe the plaintiff has raise sufficient facts in her petition to form a reasonable basis for predicting that the law of the State of Missouri might impose liability against defendant Thomure. In particular, plaintiff puts special significance on the allegation that defendant Thomure falsified reports that he had instructed plaintiff in the safe use of the machine after plaintiff was injured, stating that this allegation supports an inference that defendant Thomure "recognized that he had increased the risk of injury to the Plaintiff, and falsified the reports so as to make it appear he had done nothing wrong." However, this allegation would only amount to a failure of the employer through its employee to properly train plaintiff. As in Relling, "this failure is an alleged breach of the

8

employer's non-delegable duty to provide a reasonably safe work place and, as such, falls within the Worker's Compensation immunity." 876 S.W.2d at 4. The remainder of plaintiff's allegations against defendant Thomure similarly amount to allegations of alleged breaches of the employer's duty to provide a safe work environment. Missouri's Worker's Compensation laws give co-employees in the same position as defendant Thomure immunity from lawsuits such as this.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to remand (Doc. No. 5) is **DENIED.**

Furthermore, as this Court has found that defendant Thomure has been fraudulently joined in this action and has determined that plaintiff's complaint against defendant Thomure fails to state a claim upon which relief may be granted, the claims against defendant Thomure shall be **DISMISSED.**

**IT IS SO ORDERED.**


Date: January 24, 2005                  /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri.                 Fernando J. Gaitan, Jr.
                                                            United States District Judge